USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/17/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRACY VANDERHOEF, individually and
on behalf of all others similarly situated,

           Plaintiffs,

  -v-

CHINA AUTO LOGISTICS INC., *et al.*,

           Defendants.
-----------------------------------------------------------X

**ORDER**

22-MC-0015 (JGK) (JLC)
(related to Civil Action No. 2:18
CV-10174-CCC-ESK (D.N.J.))

**JAMES L. COTT, United States Magistrate Judge.**

On referral from Judge Koeltl (Dkt. No. 6), the Court has reviewed the motion papers in this subpoena enforcement matter and, at the parties' request, will hear oral argument **on June 9, 2022, at 2:15 p.m.** in courtroom 21-D, 500 Pearl Street, New York, NY.

In advance of the argument, Plaintiffs and Marcum BP are directed to meet and confer, as Marcum BP acknowledged it was willing to do (Marcum BP Mem. at 22), "to establish an efficient, agreed-upon procedure for review and production that complies with Chinese law and Marcum BP's obligations under related agreements," and to see whether it can narrow or resolve the issues presented by the pending motion. To that end, Plaintiffs and Marcum BP are directed to submit a joint letter to the Court by **June 2, 2022** advising whether they have made progress in resolving their dispute.

1

At the argument, Plaintiffs and Marcum BP should be prepared to address, among other things, the following questions (some of which are more obviously directed to one side or the other):

1. As Marcum BP has previously complied with subpoenas similar to the present one through a process that entailed a review of responsive documents by Chinese authorities, can the same process be implemented here? If not, why not?

2. Do any of the regulations identified by Marcum BP prohibit disclosure as a matter of law, or is disclosure prohibited only if there is no review by Chinese authorities?

3. Is it correct that compliance with the subpoena does not inherently present a conflict with Chinese law provided Chinese authorities review the responsive documents before production? If so, then would it not be the case that no comity analysis need be undertaken?

4. If a comity analysis is, in fact, required, please be prepared to address the seven factors to be applied in such an analysis.

5. Why can't Plaintiffs obtain at least some, if not many, of the documents that they are seeking from CALI directly (once the bankruptcy stay is lifted) rather than from Marcum BP?

6. Can the requested documents be narrowed to those that cannot be obtained from another source that would be more convenient, less

   burdensome, or less expensive (such as the documents requested at Request Nos. 1, 3, 4, and 9, which Marcum BP proposes be obtained from CALI and not Marcum BP)?

7. How, if at all, is the process required by Chinese law unduly burdensome?

8. How much, at least as an estimate, will the costs of producing the requested documents in compliance with Chinese law be (beyond what is identified at Marcum BP Mem. at 18-19)?

9. What would the scope of the responsive documents be? What would the time frame for review be?

10. What about Plaintiffs' proposal – made in their reply papers – that their counsel could view the requested documents on remote servers at Marcum BP's New York office?

11. How, if at all, is the Hague Convention a viable alternative to the subpoena in these circumstances?

   **SO ORDERED.**

Dated: May 17, 2022
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

3